# ORPHANS' COURT OF BALTIMORE CITY

Filed May 2, 1893.

Argued before Judges Lindsay, Gans and Edwards.

## IN THE MATTER OF THE ESTATE OF SUSAN E. TAW.

*Chas. Handfield Wyatt* and *A. S. Goldsborough* for petitioner.

*E. Otis Hinkley* and *Amos F. Musselman* for Beam.

EDWARDS, J.—

This matter comes before the Court by petition of Charles Handfield Wyatt, wherein he applies for letters of administration d. b. n. c. t. a. on said estate, on the ground of being a creditor thereof; and by petition of John M. Beam, a brother of decedent, through Edward Otis Hinkley and Amos F. Musselman opposing, grant of letters to said Charles Handfield Wyatt, and asking that the same be granted to said E. O. Hinkley and A. F. Musselman, he renouncing in their favor; and also by petition of said E. O. Hinkley and A. F. Musselman, asking for grant of letters to themselves as guardians of the children of John M. Beam.

All the points raised by these petitioners were fully, elaborately and ably argued by the respective counsel, supported by numerous citations from the English law, and those of various States of the Union bearing upon the questions at issue.

The only testimony taken was with respect of the method by which the said Charles H. Wyatt became a creditor of said estate, which was by assignment to him of a mortgage against the estate held by one Margaret I. Bennett.

The Orphans' Court is required to decide all such questions in accordance with the testamentary statutes, made and provided for its guidance.

These statutes name in regular order the persons to whom letters of administration may be granted upon the estates of decedents.

The entire line of kinsfolk is first exhausted; then comes the *largest* creditor applying, showing it to be the policy of the law in Maryland to grant administration to the person having the greatest interest in the estate.

The two classes above mentioned failing, then administration may be granted in the discretion of the Court, and only then is this discretion given.

In this case the kinsfolk are all barred out either by renunciation, or by being rendered incapable by the law itself. John M. Beam, the near kinsman, renounces and has no power to delegate his right to another, and his children are minors, and so incapable. There is no section of the testamentary statutes in Maryland which confers expressly the right of administration upon a guardian and the discretion of the Court cannot confer that right, at least until the entire testamentary designation shall have been exhausted.

Hence, in this case, all who would have the right of administration are absolutely barred, save and except the creditor. Ordinarily the Court would look suspiciously upon the application of a creditor who became such by mere speculation, but here it appears that the purchaser of the mortgage paid therefor its full face value, with accrued interest, and therefore properly becomes a legitimate creditor of the estate of the said Susan E. Taw.

As such creditor, after careful and mature consideration of all the circumstances connected therewith, the Court is of the opinion that he is entitled to the administration.

It is, therefore, this 2d day of May, 1893, ordered by the Orphans' Court for Baltimore City, that letters of administration d. b. n. c. t. a. on the estate of Susan E. Taw be granted to Charles Handfield Wyatt.

It is further ordered that the costs be paid by John M. Beam, the second petitioner.